**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| ROBERTO BAEZ, | : | |
|     Plaintiff, | : | |
| | : | Case No. 6:02-CV-87 HL |
| vs. | : | |
| | : | |
| ALAN ARBUCKLE, M.D., | : | |
| JUAN CAMPOS, and JOHN DOE, | : | |
|     Defendant's. | : | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Roberto Baez filed a Motion To Vacate Judgment on February 8, 2005, stating, "[P]laintiff urges the Court (to) vacate its prior judgment entered on July 31, 2004, in light of the decision of *Clark v. Suarez Martinez,* ____ S.Ct. ___, 2005WL50099, (U.S. January 12, 2005)." Plaintiff's Motion states an action in federal habeas corpus pursuant to 28 U.S.C. § 2241, which would appropriately address itself to the jurisdiction in which Petitioner is incarcerated. Plaintiff is incarcerated in the Federal Correctional Institute at Yazoo, Mississippi.

The Order of this court to which Plaintiff is assumed to refer was entered on July 12, 2004, dismissing Defendants INS, Hoth, Melville, Torres, and Trinks, and ordering service be made as provided by law upon Defendants Arbuckle and Campos (R-96) in furtherance of Plaintiff's federal tort claim which he is prosecuting here. Plaintiff Baez did not appeal this court's July order, which pre-dated the *Clark v. Suarez Martinez* decision of the United States Supreme Court. Plaintiff's remedy under the *Clark v. Suarez Martinez* holding

appears to be to file a federal habeas corpus action pursuant to 28 U.S.C. § 2241 in the jurisdiction of his alleged illegal incarceration.

WHEREFORE, IT IS RECOMMENDED that Plaintiff's Motion To Vacate this court's Order (R-96) of July 17, 2004 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 14th day of February 2005.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE