## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

ROBERTO BAEZ,                    *
            Petitioner,          *
VS.                              *       CASE NO. 6:02-CV-87 (HL)
                                 *       Federal Tort Claims Action
ALAN ARBUCKLE, M.D.,             *
JUAN CAMPOS and JOHN DOE         *
            Respondents.         *

## REPORT AND RECOMMENDATION

The Report and Recommendation filed in this action on December 2, 2004 (R-114) is hereby withdrawn in its entirety, and the following Report and Recommendation is submitted in lieu thereof.

First, Plaintiff's Renewed Motion For Appointment of Counsel (R-120) is denied for the same reasons denied twice before.  Plaintiff's Motion For Extension of Time to File Written Objections (R-122) is denied as moot.  Plaintiff's Motion To Amend (R-123) in regard to Defendants Arbuckle and Campos is denied as immaterial in view of the following recommendations.

Plaintiff, Robert Baez, originally filed this *pro se* action as a *Bivens*[1] and Federal Tort Claim[2] action in November 2002.  (Tab 3).  The action proceeded before this court until March 4, 2004, when this court entered a Report and Recommendation granting Defendant's Motion to Dismiss.  (Tabs 57 & 65).  After considering Plaintiff Baez's objections, the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] 28 U.S.C. §§ 2671-2680 (1976).

District Court adopted the Report and Recommendation, but directed that the Plaintiff be allowed to amend his complaint to name proper defendants in connection with his Eighth Amendment *Bivens* claim.  Plaintiff did amend his complaint on May 13, 2004, but included therein some of the same issues and defendants that had previously been dismissed.  (Tab 82).   By Order dated July 9, 2004, the District Court eliminated all but two named defendants, Arbuckle and Campos, and struck the improper portions of the amended complaint to align it with the Court's previous ruling. ( Tab 96).  The modified Complaint was served upon Dr. Arbuckle and Juan Campos, and a Motion to Dismiss was timely filed on their behalf by the Respondent pursuant to Rule 12(b)(6), Fed. R. Civ. P.   By operation of 28 U.S.C. § 2679 (d)(1)[3] the Respondent substituted the United States for Defendant Arbuckle.  Therefore, the Respondent's Motion to Dismiss was directed to the dismissal of Defendants Arbuckle, Campos and the United States.

## Standard of Review

Given the Rule 12(b)(6) posture of this matter, Plaintiff's allegations in the amended complaint are reviewed as if all the allegations found there were true.  See *Marsh v. Butler*

---

[3] 28 U.S.C. § 2679(d)(1) states:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The Government filed a Notice of Substitution (Tab 102) and a Certification of Scope of Employment on Dr. Arbuckle (Tab 103) on October 4, 2004.

*County*, 268 F.3d 1014, 1023 (11 [th] Cir. 2001) (en banc).  The factual allegations in the Complaint are examined keeping in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) citing *G.J.R. Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11 [th] Cir. 1998). The *Gonzalez* Court went further, quoting the following authorities:

> "[M]ore than mere conclusory notice pleading is required.... [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). *See also Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (holding that complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity").  Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).  We must also keep in mind the fact that "[w]e generally accord ... official conduct a presumption of legitimacy." *United States Dep't of State v. Ray,* 502 U.S. 164, 179, 112 S. Ct. 541, 550, 116 L.Ed.2d 526 (1991).

With this background, the specific issues raised in Defendants' Motion to Dismiss are now considered.  Initially, it must be observed that a reading of the Complaint, as amended, does not readily disclose any specific allegations of negligence on the part of the Defendants. Most of the allegations relate to Plaintiff's Constitutional violation claims, and to his

assertions that he should be released from custody.  Whether his tort claims are stated clearly or not, they can not go forward under the facts and circumstances apparent from the pleadings in this case.

### Juan Campos is not a Proper Bivens Defendant

By its Order on July 9, 2004, this Court dismissed the Amended Complaint as to the INS and its employees, Hoth, Trinks, Torres and Melville.  (Tab 96).  The Court made clear in its order that the INS and its employees had no role in the medical treatment of Plaintiff Baez and that the only defendants permitted to be named in the Amended Complaint would be those who were proper defendants with regard to the Eighth Amendment *Bivens* claim. Id. p.9 (citing Tab 70).

Disregarding this Court's order, Plaintiff Baez named Juan Campos as a defendant. Juan Campos has been sued in both his official and individual capacity.  At the time this claim arose, Juan Campos was the Assistant District Director, Detention and Removal for the United States Department of Justice, Immigration and Naturalization Service (INS) having jurisdiction over Alabama, Georgia, North Carolina and South Carolina  (Tab 105, Exhibit "B") not a Public Health Service employee.

In the entire Amended Complaint the only statement regarding Defendant Campos was that "Juan Campo is [added] to this action because he did have personal knowledge of the plaintiff['s] medical problem."  (Tab 82, p. 4).  Plaintiff made no allegation that Defendant Campos had any direct or indirect role in his medical care and there has been no

allegation that Campos had any authority to control medical decisions. In his affidavit, Juan Campos clearly stated that he had "never had any role in or control over matters relating to Mr. Baez's medical care. INS agents were not responsible for the medical decisions, care or treatment of detainees such as Mr. Baez. The United States Public Health Service managed this area of responsibility for INS, and their medical officers and employees made those decisions." (Tab 105, Exhibit "B"). Based on this Court's prior ruling as to the INS and its employees, as well as its decision to allow *Bivens* claims to go forward in this case, Juan Campos is entitled to be dismissed.

## Supervisory Responsibility

First, Defendant Campos is a supervisor with INS (now DHS) for this district, and, under the pleadings in this case, is too far removed from any meaningful knowledge or involvement with Mr. Baez's allegations to be subject to Bivens liability. (Complaint, as amended; Motion to Dismiss). It is clear from a reading of Mr. Baez's pleadings that he believes that a supervisor in the relevant government agency is liable for his alleged mistreatment simply because of their office and title. Under prevailing authority, he is incorrect.

In *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), the Eleventh Circuit addressed the issue of supervisory responsibility in cases where a qualified immunity defense was raised. That case arose from a section 1983 claim, but because a *Bivens* suit is the Federal counterpart to a 42 U.S.C. § 1983 suit, the Circuits generally apply this authority to *Bivens*

cases.  See *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998).  The *Cottone* Court

addressed the issue as follows:

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability."  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Gonzalez*, 325 F.3d at —, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondent superior or vicarious liability).  Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Gonzalez*, 325 F.3d at —, 2003 WL 1481583, at *5; *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).  The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  *Gonzalez*, 325 F.3d at —, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & Employment*, 133 F.3d 797, 802 (11th Cir. 1998)); *Brown*, 906 F.2d at 671.  Alternatively, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in a deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates would act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so*." Gonzalez*, 325 F.3d at —, 2003 WL 1481583, at *5 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991)); *Hartley,* 193 F.3d at 1263; *see also Post v. City of Ft. Lauderdale,* 7 F.3d 1552, 1560-61 (11th Cir. 1993).  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  *Gonzalez*, 325 F.3d at —, 2003 WL 1481583, at *4 (internal quotation marks and citation omitted).

*Cottone,* at 1360.

In his pleadings, Plaintiff Baez makes the bare assertion that Defendant Campos had personal knowledge of the plaintiff's medical problem.  Mr. Baez offers no further information or explanation as to how the district supervisor at INS (DHS) would have personal knowledge of his medical problems or treatment.  Plaintiff Baez has not alleged personal participation by Mr. Juan Campos; that he had any knowledge or causal connection with events related to Plaintiff's case; that he has put in place any custom or policy at INS (DHS) which resulted in deliberate indifference to Plaintiff's medical needs; or that he allowed or directed, his subordinates to act unlawfully toward Plaintiff .

### John Doe Defendants

Although plaintiffs are permitted to use fictitious names in their complaints, "federal courts do not favor the naming of John Doe defendants."  *Plant v. Doe*, 19 F. Supp. 2d 1316, 1319 (S.D.Fla. 1998).  "Where a complaint asserting claims against John Doe defendants has not been amended to substitute defendants who are real parties in interest as soon as the identity is known or reasonably should have been known, or in any such event before the close of discovery, such an assertion is mere surplusage and will be disregarded by the court."  Id at 1320 citing *Rodriguez v. City of Passaic*, 730 F. Supp. 1314, 1319 n.7 (D.N.J. 1990).  Discovery has ended in this case and Plaintiff Baez has failed to amend his complaint to substitute real parties in interest for the three John Doe defendants.

### 42 U.S.C. § 233(a) Immunity

Dr. Alan Arbuckle has been sued in both his official and individual capacity.  At the time this claim arose, Dr. Arbuckle was a Public Health Service Commissioned Corps officer who was serving as a medical consultant to the Director of the Diversion of Immigration Health Services (DIHS), Bureau of Primary Health Care (BPHC), Health Resources and Services Administration (HRSA), and the Department of Health and Human Services (DHHS). (Tab 105, Exhibit "A").  Dr. Arbuckle was shown as the authorizing officer on the denial of request for authorization for surgical repair of Baez's inguinal hernia.  (Amended Complaint, Exhibit "B").  Plaintiff claims that the denial subjected him to "unnecessary and wanton infliction of pain and suffering for approximately [seventeen] 17 months."[4]  (Amended Complaint, paragraph 7).

Plaintiff's complaint arises from the medical treatment the Public Health Service provided to him pursuant to 42 U.S.C. 249(a).  Under that statute, any person detained by the INS "may be treated and cared for by the Public Health Service."  Id.  The Homeland Security Act of 2002, signed into law by the President on November 25, 2002, transferred INS functions to the Department of Homeland Security (DHS).  6 U.S.C. § 101 et seq.  In his capacity as medical consultant to the Division of Immigration Health Services, Dr. Arbuckle's duties included providing patient care to detained aliens in INS/DHS custody. (Tab 105, Exhibit "A").

Dr. Arbuckle is immune from Plaintiff's *Bivens* suit under 42 U.S.C. § 233 (a)

---

[4] Plaintiff's request for authorization of surgery was denied by Dr. Arbuckle on October 25, 2002, however, the surgery was eventually performed on February 19, 2004.

which provides:

> The remedy against the United States provided by sections
> 1346(b) and 2672 of Title 28, or by alternative benefits
> provided by the United States where the availability of such
> benefits precludes a remedy under section 1346(b) of Title 28,
> for damage for personal injury, including death, resulting
> from the performance of medical, surgical, dental, or related
> functions, including the conduct of clinical studies or
> investigation, by any commissioned officer or employee of the
> Public Health Service while acting within the scope of his
> office or employment, shall be exclusive of any other civil
> action or proceeding by reason of the same subject-matter
> against the officer or employee (or his estate) whose act or
> omission gave rise to the claim.

This code section provides that The Federal Tort Claims Act is the exclusive remedy for

claims against PHS officers who provide medical care or treatment and who were acting

within the scope of their authority.  It is clear from the facts of the case that as a medical

consultant, treating (among others) INS/DHS detainees, Dr. Arbuckle's denial of medical

authorization for Plaintiff's surgery was within his scope of authority.  If the facts were

not clear enough, the government has filed a Certification of Scope of Employment on

Dr. Arbuckle's behalf.  (Tab 103).  This certification states that Dr. Arbuckle was acting

within the scope of his office at the time the material facts took place.  Id.

In *Carlson v. Green*, 446 U.S. 14 (1980) the Court held that a *Bivens* action was

available to plaintiff even though her allegations could also support a suit against the

United States under the Federal Tort Claims Act (FTCA).[5]  The Court in *Carlson* limited

---

[5] Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671-2680.

it's holding by stating that a *Bivens* action would be unavailable in two situations.  Id. at 18.  One of those limitations, "when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective," is directly applicable to the case at bar.  Id. at 18-19 quoting *Bivens* (emphasis in the original) .  Congress declared such in 42 U.S.C. 233(a) and the Court in *Carlson* agreed, using that very code section as an example of Congress explicitly stating when it means to make the FTCA an exclusive remedy.  Id. at 20.  Therefore, Plaintiff cannot maintain a *Bivens* actions against Dr. Alan Arbuckle, because, by operation of 42 U.S.C. § 233(a), that suit must be brought against the United States.

## Substitution of Party

Pursuant to 28 U.S.C. § 2679(d)(1), the United States Attorney for the Middle District of Georgia (as a designee for the Attorney General) executed a certificate in which he certifies that Dr. Alan Arbuckle was acting within the scope of his office at the time the material facts took place.  (Tab 103).  The government filed a Notice of Party Substitution contemporaneously.  (Tab 102).  Upon substitution Plaintiff's claims against Dr. Arbuckle are deemed claims against the United States.  28 U.S.C. § 2679(d)(1).

## Claims Against The United States

The doctrine of sovereign immunity bars suit against the United States without its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972); *Soiano v. United States*, 352 U.S. 270 (1957).  The FTCA, 28 U.S.C. §§2671-2680 (1976), and its jurisdictional counterpart, 28 U.S.C. § 1346(b), define the conditions under which the United States consents to suits for the torts of its employees acting within the scope and course of employment.

Because the cause of action arose from Plaintiff's medical treatment by PHS and because 42 U.S.C. § 233(a) designates that such a claim must be brought against the United States under the FTCA, plaintiff may proceed on this claim against the United States by complying with the requirements of the FTCA.  Plaintiff Baez apparently filed his pre-requisite administrative claim, evidenced by  Exhibit B, attached to his Response To Defendant's Motion To Dismiss (R-62).   The claim was filed with the newly created Department of Homeland Security, which took it upon itself, through no fault of the Plaintiff, to advise:

> Re: <u>Administrative tort claim</u>
> Dear Mr. Baez:
>     The Director, Administrative Center, Burlington, (ACB) has considered the administrative tort claim you filed with respect to the denial of your request for surgery to correct a hernia in October 2002.  It is his finding that this claim must be denied.  In view of the foregoing, this letter is furnished as notice that the claim has been considered and has been disallowed by the Director, ACB, the official who is responsible for such determinations.

> If you wish to file suit against the United States to recover any alleged damages or expenses your client incurred, pursuant to 28 U.S.C. § 2401(b) you must do so in the appropriated United States District Court no later than six months after the date of mailing of this notice of final denial of claim.

The Defendant United States argues that the Plaintiff must have presented his claim "to the appropriate Federal agency" pursuant to 28 U.S.C. § 2675(a), and cites pre-Department of Homeland Security cases in support thereof. See Memorandum In Support of Motion To Dismiss Amended Compliant (R- 105 at page 8). In addition, Defendant has attached to its Memorandum the Declaration of Beverly R. Dart, General Law Division of the Department of Health and Human Services, who formally declares that Plaintiff filed no administrative claims with that agency. Nonetheless, equity dictates, and the Department of Homeland Security has decreed, that Plaintiff Baez has completed the administrative presentation of his claim and received an official denial.

While Defendants Arbuckle and Campos are not proper Defendants to this action, the United States should not be dismissed as party Defendant, because Plaintiff Baez has met the administrative claim requirements of 28 U.S.C. § 2675(a).

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED as to Defendants Arbuckle, Campos, and the fictional John Doe Defendants for failure to state a cause of action upon which relief can be granted, and that the Defendants' Motion To Dismiss be DENIED as to the Defendant, the United States. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this

12

Report and Recommendation with the United States District Judge, WITHIN TEN (10)

DAYS after being served with a copy thereof.

SO RECOMMENDED this 14th day of February 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE