IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| ROBERTO BAEZ, | : |
| | : |
|     Plaintiff, | : |
| | :     Civil Action Number |
| v. | :     6:02-CV-87 (HL) |
| | : |
| ALAN ARBUCKLE, M.D., | : |
| JUAN CAMPOS, UNITED STATES | : |
| OF AMERICA, AND JOHN DOE, | : |
| | : |
|     Defendants. | : |

# **ORDER**

Before this Court are two Report and Recommendations ("Recommendation I" and "Recommendation II") (Docs. 126 and 127, respectively) from United States Magistrate Judge G. Maldon Haircloth. Plaintiff filed objections that not only address Recommendation I but also attempt to reargue an issue previously decided by the Court. Additionally, the government filed an objection to a portion of Recommendation II. The Court has thoroughly read and considered the Recommendations and objections, and it has made de novo determinations of the portions of the Recommendations to which objections were made. For the reasons set forth below, Recommendation I is adopted in its entirety, and Recommendation II is adopted in part and modified in part.[1]

---

[1] The facts of this case are detailed in the Recommendations; therefore, the Court shall set forth only those facts necessary to explain its reasoning in this Order.

**I.     RECOMMENDATION I**

Recommendation I (Doc. 126) addressed a motion in which Plaintiff urged the Court to vacate one of its prior judgements in light of the Supreme Court of the United States' decision in Clark v. Martinez, — U.S. —, 125 S. Ct. 716, 723-24 (2005).  The Magistrate Judge assumed that Plaintiff was referring to the Order of this Court that was entered on July 12, 2004.[2]  In the July, 12, 2004, Order, the Court dismissed various defendants from this case.

The Magistrate Judge stated that Plaintiff's remedy under the Martinez decision was a federal habeas action under 28 U.S.C.A. § 2241 (West 1994) – not a vacation of the July 12 Order.  Plaintiff argues that the Magistrate Judge's reasoning was "legally and morally wrong" and that the Court should order defendants "reinstated to this civil action based to [sic] the decision of Martinez v. Clark."  (Objections at 3, Doc. 132.)  Plaintiff is incorrect.

In Martinez the Supreme Court held that the Immigration and Nationality Act limits the time that the government may detain inadmissible aliens who have been found removable.  125 S. Ct. at 723-24.  While the Martinez decision is undoubtedly a helpful case to support a claim for unlawful detention should Plaintiff wish to pursue it, the decision provides no relevant authority for the pending case before this Court, which is an Eighth Amendment Bivens case.  It appears that Plaintiff is laboring under the false impression that an illegal detention under Martinez automatically proves the existence of a valid Eighth Amendment Bivens claim. Plaintiff

---

[2]There appears to be an error on the docket.  The Order the Magistrate Judge refers to bears a stamp indicating that it was entered on July 12, 2004.  The docket sheet, however, indicates that the Order was entered on July 9, 2004.  This inconsistency appears to be a clerical error.  Nevertheless, this error is harmless, as it affects no substantive decision in this case.

has cited no authority for this position, and the Court is aware of no case that so holds.

As such, Plaintiff's objection to Recommendation I is without merit. Therefore, Recommendation I (Doc. 126) is approved, adopted, and made the Order of this Court. Plaintiff's Motion to Vacate (Doc. 125) is denied.

## II.     RECOMMENDATION II

In Recommendation II (Doc. 127), the Magistrate Judge denied: (1) Plaintiff's Renewed Motion for Appointment of Counsel (Doc. 120); (2) Plaintiff's Motion for Extension of Time (Doc. 122); and (3) Plaintiff's Motion to Amend (Doc. 123). No party filed objections regarding the Magistrate Judge's disposition of these three motions.

In Recommendation II the Magistrate Judge also advised this Court to grant in part and deny in part Defendants' Motions to Dismiss (Docs. 104 and 107). Specifically, the Magistrate Judge advised this Court to dismiss Defendants Arbuckle and Campos, but advised the Court not to dismiss the United States of America. The government requests this Court to modify Recommendation II to dismiss the United States of America because the Magistrate's determination on the matter was inconsistent with the prior ruling of this Court as well as with prevailing legal authority. The government is correct.

Under the provisions of 28 U.S.C.A. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C.A. § 2675(a) (West 1994) (emphasis added).  When a claimant does not adhere to the strict timing requirements set forth § 2675(a), the claim must be dismissed, as the Court lacks jurisdiction.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

Here, there is no question that Plaintiff filed an administrative claim and that his claim was denied.  However, there is also no question that Plaintiff filed his administrative claim well after this case was initiated.  Consequently, § 2675(a) bars this Court from hearing Plaintiff's claim.  Indeed, the Magistrate Judge previously recognized this fact in his Recommendation which was entered on the docket on March 9, 2004.  The March 9, 2004, Recommendation was later adopted by this Court in an Order which was entered on the docket on March 31, 2004.

Nevertheless, Plaintiff is not irrevocably barred from bringing his claim.  Under the provisions of § 2679(d)(5):

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C.A. § 2679(d)(5).  Therefore, upon the dismissal of Plaintiff's claim, he still has an opportunity for redress.  He is merely required to file his administrative claim *before* he refiles his lawsuit.  Therefore, Recommendation II is modified to dismiss the claim against the United States, and Defendants' Motions to Dismiss (Docs. 104 and 107) are granted.  Additionally, all other aspects of Recommendation II are approved, adopted, and made the Order of this Court.

Thus, Plaintiff's Renewed Motion for Appointment of Counsel (Doc. 120); Plaintiff's Motion for Extension of Time (Doc. 122); and Plaintiff's Motion to Amend (Doc. 123) are all denied.

### III.   PLAINTIFF'S MISCELLANEOUS OBJECTION

Portions of Plaintiff's "Written of [sic] Objection" do not address issues decided in either of the Recommendations. In one section of his objections, Plaintiff attempts to reargue the issue of alleged due process violations in connection with the Cuban Review Panel – an issue that has been decided previously by this Court. In an Order entered on the docket on July 9, 2004, the Court stated that if "Plaintiff wish[ed] to pursue the 2004 annual review issue, he must file it as a new case." (Order at 6-8, Doc. 96). Currently, this case involves only Plaintiff's Eighth Amendment <u>Bivens</u> claim. Therefore, Plaintiff's objection, regarding due process violations allegedly committed by a panel charged with reviewing his detention, is without merit.

### IV.   CONCLUSION

    **A.**    Recommendation I (Doc. 126) is – in its entirety – approved, adopted, and made the Order of this Court.

    **B.**    Recommendation II (Doc. 127) is adopted in part and modified in part. The portion of the Recommendation denying Defendants' Motion to Dismiss as to the United States is hereby modified to dismiss the United States. The remainder of the Recommendation is approved, adopted, and made the Order of this Court.

So ordered, this the 27th day of April, 2005.

    /s/ Hugh Lawson
    **HUGH LAWSON, Judge**

jmb