IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA.
THOMASVILLE DIVISION

| | |
|---|---|
| **ROBERTO BAEZ,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action Number** |
| v. : | **6:02-CV-87 (HL)** |
| : | |
| **ALAN ARBUCKLE, M.D.,** : | |
| **JUAN CAMPOS, UNITED STATES** : | |
| **OF AMERICA, AND JOHN DOE,** : | |
| : | |
| **Defendants.** : | |

# ORDER

Before this Court are two motions filed by Plaintiff, a "Notice of Objection and/or Motion for Reconsideration" (Doc. 134) and a "Motion to Stay" (Doc. 136). For the reasons set forth below, this Court denies both motions.[1]

## I. ANALYSIS

The Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration. Nevertheless, the United States Court of Appeals for the Eleventh Circuit has instructed that "a motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment)[2] or Rule 60(b) (motion for relief from judgment or order)."[3] Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993

---

[1] The facts of this case are detailed in the Recommendations; therefore, the Court shall set forth only those facts necessary to explain its reasoning in this Order.

[2] Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

[3] Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for certain

F.2d 800, 806 n.5 (11th Cir. 1993). If no final judgment exists, however, neither Rule applies, and Rule 54(b)[4] comes into play. See id. at 806 n.4. Thus, to select the proper Rule, the Court first must determine whether a final decision exists in this case.

A final judgment or final decision "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" U.S.S.E.C. v. Carrillo, 325 F.3d 1268, 1272 (11th Cir. 2003) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Here, Plaintiff filed his Notice of Objection and/or Motion for Reconsideration in response to the Order of this Court that was entered on the docket on April 27, 2005. The April 27, 2005, Order dismissed all remaining Defendants in connection with Plaintiff's last remaining claim, his Eighth Amendment Bivens claim. Thus, the April 27, 2005, Order ended the litigation on the merits and left nothing for the Court to do but execute the judgment. Therefore, Plaintiff's motion cannot be one made under Rule 54(b).

The Court chooses to construe Plaintiff's motion as one made under Rule 59(e). A Rule 59(e) motion must seek a substantive alteration of the judgment, rather than a clerical correction. 12 James Wm. Moore et al., Moore's Federal Practice, § 59.30[2][b] (3d ed. 2004) (hereinafter "Moore's") (citing Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1131 (11th Cir. 1994)); United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., 920 F.2d 788, 791 (11th Cir. 1991)). Here, Plaintiff's motion argues that the Court's dismissal of his action due to lack of subject matter jurisdiction was in error, which the Court considers a substantive alteration.

"A timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." Members First

---

enumerated reasons. Fed. R. Civ. P. 60(b).

[4]Rule 54(b) states, in part, that "any order or form of decision, however designated, which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); Alcock, 993 F.2d at 806 n.4.

Fed. Credit Union v. Members First Credit Union of Fla., 244 F.3d 806, 807 (11th Cir. 2001) (quoting Browder v. Dir., Dep't of Corr., 434 U.S. 257, 267 (1978)) (internal quotation marks omitted). Plaintiff filed his motion within Rule 59(e)'s ten-day period and effectively suspended the finality of the April 27, 2005, Order.

Plaintiff's Motion for Reconsideration appears to raise three arguments: (1) that his administrative claim under the Federal Torts Claim Act (the "FTCA") was timely filed; (2) that if he re-files his complaint, it might be time-barred; and (3) that he needs the address of the agency that should receive his administrative claim if he chooses to file one. The Court shall address each argument in turn and shall deal with the Motion to Stay in its analysis of the third argument.

First, citing no authority, Plaintiff seems to argue that amending his complaint to add new Defendants somehow made his administrative claim under the FTCA comply with the timing requirements set forth in 28 U.S.C. § 2675(a). Plaintiff is incorrect. In its April 27, 2005, Order, the Court stated the following regarding the timing of Plaintiff's administrative claim, "When a claimant does not adhere to the strict timing requirements set forth [by] § 2675(a), the claim must be dismissed, as the Court lacks jurisdiction. See McNeil v. United States, 508 U.S. 106, 113 (1993)." (Ord. at 4, Doc. 133). Thus, the Supreme Court's McNeil decision simply does not support Plaintiff's position.

Further, it is crucial to understand the relevant time line of events that took place in this case. In its March 31, 2004, Order, the Court dismissed the then remaining Defendants, but specifically stated that its ruling did not end the case. Specifically, the Order left intact Plaintiff's Eighth Amendment Bivens claim and allowed Plaintiff to amend his existing complaint to add the proper Defendants for his Bivens claim. Thus, the facts of Plaintiff's claim remained the same, and the only thing new about Plaintiff's Bivens claim was the Defendants he subsequently added. Therefore, even if one assumed for the purposes of argument that a new claim could make an otherwise untimely FTC claim timely under § 2675(a), Plaintiff would still

have failed to comply with § 2675's timing provision because when Plaintiff amended his complaint, he did not have a new Bivens claim – just new Defendants. Consequently, Plaintiff's first argument is without merit.

Second, Plaintiff's argument that he may now be barred by the statute of limitations is also without merit. In its April 27, 2005, Order, the Court instructed Plaintiff that he had sixty days from the date of dismissal of his case to present his claim to the appropriate federal agency under 28 U.S.C. § 2679(d)(5). This statement still stands. However, Plaintiff timely filed a Rule 59(e) motion, which suspended the finality of the dismissal of Plaintiff's case. This Court has located no case analyzing whether a timely Rule 59(e) motion tolls § 2679(d)(5)'s sixty-day period, and the issue was not raised by the parties. Nevertheless, the Court finds that Plaintiff's timely Rule 59(e) has tolled the sixty-day period in this case because § 2679(d)(5)'s sixty-day period is measured from the time of dismissal, and Plaintiff's Rule 59(e) motion suspended the dismissal in this case. Therefore, Plaintiff shall have sixty (60) days from the entry of this Order on the docket in which to present a timely administrative claim.

Third, Plaintiff states that he needs the address of the appropriate agency to which he should send his FTCA claim in the event he chooses to do so. This issue was also raised in Plaintiff's Motion to Stay. Previously, Defendants' counsel stated that he would "furnish the address for the federal agency(ies) that Plaintiff may reasonably request." (Resp. Plf's. Notice Objection . . . at 2, Doc. 135). Plaintiff claims that he made a request and that his request was ignored or disregarded. In his Motion to Stay, Plaintiff claims that Defendants have acted in bad faith by not providing the address and asserts that § 2679(d)(5)'s sixty-day period should begin to run after he receives the address. Defendants argue that Plaintiff has not made a request to them. Defendants also point out that their offer to provide the address was purely voluntary, that they have no duty to provide the Plaintiff with the address, and that this Court has not ordered them to do so. Further, Defendants state that Plaintiff cited no authority nor raised any grounds that would entitle him to such an injunction. Defendants are correct.

      This Court is aware of no authority, and Plaintiff has cited none, which would entitle him to the injunction he requests. Also, this Court is aware of no authority, and Plaintiff has cited none, which compels Defendants to provide Plaintiff with the address he desires. Further, Plaintiff has set forth no evidence to suggest Defendants have acted in bad faith. Moreover, it appears that Plaintiff's motion is now moot, as in their response to Plaintiff's Motion to Stay, Defendants provided Plaintiff with the information he requested. Thus, Plaintiff's third argument raised in his Objection and/or Motion for Reconsideration is without merit and his Motion to Stay is denied.

## II. CONCLUSION

      Plaintiff's "Notice of Objection and/or Motion for Reconsideration," (Doc. 134) and "Motion to Stay" (Doc. 136) are denied.

      So ordered, this the 28th day of June, 2005.

                                                   /s/ Hugh Lawson  
                                                **HUGH LAWSON**, Judge

jmb