# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **ROBERTO BAEZ,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. 6:02-cv-87(HL) |
| **ALAN ARBUCKLE, M.D.,** | : |
| **JUAN CAMPOS, JOHN DOE, and** | : |
| **UNITED STATES OF AMERICA,** | : |
| | : |
| Defendants. | : |

_____

# **ORDER**

This matter is before the Court on the following motions filed by Plaintiff, Roberto Baez: Motion Seeking an Order for Judicial Action [doc 139]; Motion Seeking Judicial Action [doc 144]; and Motion to Modify Pleadings [doc 146]. Baez also filed an "Amended Complaint" [doc 142] on January 18, 2006, which has been docketed as a Motion to Amend the Complaint. After consideration of the Motions, the Court hereby denies the same as more fully set forth below.

This case began in this Court on December 17, 2002, when it was transferred here from the United States District Court for the Southern District of Georgia. The complaint, as amended several times, was brought against various federal officials for actions allegedly taken against Baez while he was detained under the authority of the United States Immigration and Nationalization Service. In bringing his claims, Baez invoked the jurisdiction of the Federal Tort Claims Act and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971).

After a flurry of filings by Baez and an opportunity to pursue discovery, the Magistrate Judge to whom the case was assigned entered a Report and Recommendation which would have disposed of all of Baez's claims by granting the Government's motion to dismiss. The Magistrate Judge found that Baez's claims under the Federal Tort Claims Act were barred because Baez had not presented a timely claim to the appropriate federal agency, as required by 28 U.S.C.A. § 2675(a). The Magistrate Judge further found that Baez had failed to state <u>Bivens</u> claims against certain of the individual defendants and that the remaining defendants were entitled to the defense of qualified immunity because, as to them, Baez had failed to establish a constitutional violation.

In an Order entered March 31, 2004, the Court adopted the Magistrate Judge's Report and Recommendation, the adoption of which had the effect of disposing of all of Baez's pending claims and all of the defendants previously named. However, as to the <u>Bivens</u> claim, the Court found Baez had failed to identify the proper defendants, and allowed Baez to amend his complaint to name the proper defendants. After the Order of March 31, 2004, was entered, Baez attempted to amend his complaint. By Order entered July 12, 2004, Baez's complaint, as amended, was narrowed to include only two defendants: Dr. Alan Arbuckle and Juan Campos.

On February 14, 2005, in response to a motion to dismiss, the Magistrate Judge entered a Report and Recommendation as to the claims remaining against Arbuckle and Campos. As to Campos, the Magistrate Judge found that he was not a proper <u>Bivens</u> defendant because Baez had failed to come forward with any evidence showing that Campos directly participated in or had knowledge of the events giving rise to Baez's claim. As to Arbuckle, the Magistrate Judge

concluded that he was immune from suit under Bivens and that the Federal Tort Claims Act provided the exclusive remedy for claims against Arbuckle. The Magistrate Judge declined, however, to dismiss the United States as a defendant, finding that Baez had met the administrative claim requirements of 28 U.S.C.A. § 2675(a).

In an Order entered April 27, 2005, the Court adopted the Magistrate Judge's recommendations as to Arbuckle and Campos, but rejected the Magistrate Judge's recommendations as to the United States. The Court found that Baez had failed to file a timely administrative claim. Specifically, the Court noted, "When a claimant does not adhere to the strict timing requirements set forth at [28 U.S.C.A.] § 2675(a), the claim must be dismissed, as the Court lacks jurisdiction." (Order of Apr. 27, 2005 at 4 (citing McNeil v. United States, 508 U.S. 106, 113).) The Court concluded, "Consequently § 2675(a) bars this Court from hearing Plaintiff's claim." (Order of Apr. 27, 2005 at 4.) Thus, as of April 27, 2005, all defendants and all claims were dismissed and Baez's case was effectively over. However, no judgment was entered at that time.

On May 10, 2005, Baez filed a Motion for Reconsideration. In an Order entered June 28, 2005, the Court elected to treat the Motion for Reconsideration as a motion brought pursuant to Federal Rule of Civil Procedure 59(e) and denied the same. In denying the Motion, the Court noted that "the April 27, 2005, Order ended the litigation on the merits and left nothing for the Court to do but execute the judgment." (Order of June 28, 2005 at 2.) Thus, on June 28, 2005, there were no claims or defendants remaining and judgment should have been entered at that time. Judgment was not entered, however.

After the Order of June 28, 2005, was entered, there was no further activity on the case until Baez filed the motions at issue here. First, Baez filed the Motion Seeking an Order for Judicial Action [doc 139]. In that Motion, Baez asks the Court to, among other things, direct "the plaintiff to proceed in this matter as by law permitted, because a reasonable time has been elapsed since the administrative complaint was received in the appropriate agency." (Mot. Seeking Judicial Action at 1.) Baez then filed an Amended Complaint, which was docketed as a Motion to Amend [doc 142]. In the Amended Complaint, Baez brings a Bivens claim against Dr. Alan Arbuckle and Juan Campos, the two defendants who were dismissed by Order entered April 27, 2005. On February 6, 2006, Baez filed a Motion Seeking Judicial Action [doc 144], in which he asks that he be allowed to proceed with his amended complaint.

None of the relief sought by Baez in his Motions can be granted. The Motion Seeking an Order for Judicial Action [doc 139] is denied because the case is finished and there is nothing on which the parties need to proceed. Unfortunately, no final judgment was entered, but that does not alter the fact that all claims and all defendants have been dismissed. The Motion to Amend [doc 142] is denied for similar reasons. All of the claims on which this case was brought have been disposed of by previous Orders of the Court. Thus, there is nothing left to amend. Furthermore, in his amended complaint, Baez seeks to pursue the same claims against Arbuckle and Campos as were previously dismissed by this Court, thereby making his amendment futile.

A similar result obtains for Baez's other Motion Seeking Judicial Action [doc 144]. The Motion Seeking Judicial Action asks that he be allowed to go forward with his amended

4

complaint; however, as this case is final in all respects except the entry of judgment, Baez will not be allowed to amend.  Finally, the Motion to Modify Pleadings [doc 146] is denied.  In it, Baez asks that the amended complaint filed by him on January 18, 2006, be construed as the filing of a new complaint.  The Court declines to so construe the amendment, however.  In order for Baez to obtain administrative review of his claims, he must initiate a new lawsuit, with the filing of a new complaint, in which he identifies the United States or its agencies as the defendants.  He may not tag his claims onto a case in which all claims and all defendants have been dismissed and which, except for the entry of judgment, is final.

In summary, the Motion Seeking an Order of Judicial Action [doc 139] is denied; the Motion to Amend [doc 142] is denied; the Motion Seeking Judicial Action [doc 144] is denied; the Motion to Modify Pleadings [doc 146] is denied.  The Clerk is directed to enter Judgment.

**SO ORDERED**, this the 17th day of May, 2006.

                                                                    s/   Hugh Lawson
                                                                    **HUGH LAWSON, JUDGE**

mls